UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NORMAN PETE,**<br>       **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-879** |
| **CHARLES WAINWRIGHT, ET AL.,**<br>       **Defendants** | **SECTION: "E" (4)** |

## ORDER AND REASONS

Before the Court are two motions to dismiss filed by *pro se* Defendants Powell Miller[1] and Charles Gary Wainwright.[2] *Pro se* Plaintiff Norman Pete filed memoranda in opposition.[3]

## BACKGROUND

On April 8, 2024, *pro se* Plaintiff Norman Pete filed a complaint for violation of civil rights (the "Complaint") in the Eastern District of Louisiana.[4] In his Complaint, Mr. Pete asserts claims under 42 U.S.C. § 1983 ("Section 1983"), alleging Defendants Miller and Wainwright and an unknown assistant district attorney, each in their individual capacities, violated Mr. Pete's civil rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.[5] Mr. Pete represents that, on April 21, 2004, at a hearing before the Orleans Parish Criminal District Court, his "hired counsel (Mr. Wainwright) said he was going to file a motion to suppress" the testimony of an unnamed witness, "but never did."[6] Mr. Pete further alleges, on the same day he "was

---

[1] R. Doc. 16.
[2] R. Doc. 20.
[3] R. Doc. 18 (opposing Defendant Miller's motion to dismiss); R. Doc. 22 (opposing Defendant Pete's motion to dismiss).
[4] R. Doc. 3.
[5] *Id.*
[6] *Id.* at p. 4.

1

ordered release[d] from custody, but [he] never left the jail," and claims after he accepted an offer of "15 years" from the district attorney, "[his] counsel allowed more years to [be] added on for a *Crosby* plea."[7]

Defendants Miller and Wainwright filed the instant motions seeking to dismiss Mr. Pete's claims against them, insofar as the prescriptive period for the claims has tolled[8] and Mr. Pete's Complaint fails to state a claim under Section 1983 because he does not allege the Defendants were acting under the color of law.[9]

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the trial court may only dismiss a complaint for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[10] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[11] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12] The Court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[13] Indeed, "threadbare recitals

---

[7] *Id.*
[8] *See* R. Doc. 16 (Defendant Miller's motion to dismiss).
[9] *See* R. Doc. 18 (Defendant Wainwright's motion to dismiss).
[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[12] *Id.*
[13] *S. Christian Leadership Conf. v. Sup. Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[14]

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[15] However, "legal conclusions can provide the framework of a complaint, [if] they [are] supported by factual allegations."[16] "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[17] "Although detailed factual allegations are not required," "[d]ismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[18]

Relevant to the instant motions to dismiss, the Supreme Court has clarified that claims of municipal liability under Section 1983 are not subject to a more heightened pleading standard than other types of clams.[19] Also relevant, the Court will apply a less stringent standard because *pro se* complaints, like the one filed by Mr. Pete, "must be held to less stringent standards than formal pleadings drafted by lawyers."[20] However, "even a liberally construed *pro se* complaint 'must set forth facts giving rise to a claim on which relief may be granted.'"[21]

---

[14] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[15] *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)).
[16] *Id*. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.
[17] *Iqbal*, 556 U.S. at 679.
[18] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (citations omitted).
[19] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 167 (1993).
[20] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).
[21] *D'Aquin v. Landrieu*, 16-3862, 2016 WL 7178511, at *2 (E.D. La. Dec. 9, 2016) (citing *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993)).

**LAW AND ANALYSIS**

I. **Mr. Pete's Section 1983 claims will be dismissed because they are barred by the applicable statute of limitations.**

On July 17, 2024, *pro se* Defendant Powell Miller filed his motion to dismiss the matter, arguing because the prescriptive period has tolled for Mr. Pete's claim, the plaintiff "has failed to state a claim upon which relief can be granted."[22] In opposition, Mr. Pete urges the Court to deny the motion to dismiss and reiterates his allegations against the Defendants as expressed in his Complaint.[23]

"Section 1983 provides a private cause of action against those who, under color of law, deprive a citizen of the United States of 'any rights, privileges, or immunities secured by the Constitution and laws.'"[24] "Because there is no federal statute of limitations for [Section 1983] claims, the district court looks for comparison to the forum state's statute of limitations for personal injury claims."[25] Louisiana Civil Code article 3492 provides a one-year prescriptive period for personal injury claims, which "commences to run from the day injury or damage is sustained."[26] "In addition to applying the forum state's statute of limitations, federal courts should give effect to any applicable tolling provisions provided by state law."[27] Under Louisiana law, the "doctrine of *contra non valentem* recognizes that in limited circumstances prescription should not run if good cause exists as to why plaintiff would have been unable to exercise or was lulled into not exercising a

---

[22] R. Doc. 16.
[23] R. Doc. 18.
[24] *Goodman v. Harris Cnty.*, 571 F.3d 388, 394-95 (5th Cir. 2009) (quoting 42 USC § 1983).
[25] *Payton v. Normand*, 21-1325, 2022 WL 412720, at *3 (E.D. La. Jan. 21, 2022).
[26] LA. CIV. CODE. art. 3492; *Duplessis v. City of New Orleans*, 08-5149, 2009 WL 3460269, at *4 (E.D. La. Oct. 26, 2009). *See also* La. R.S. 9:5605 ("No action for damages against any attorney at law . . . shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.").
[27] *Payton*, 2022 WL 412720, at *3 (citing *Lopez-Vences v. Payne*, 74 F. App'x 398, 398 (5th Cir. 2003)).

cause of action when it first became exigible."[28] Louisiana courts routinely suspend or toll the running of prescription for the following reasons:

> (1) if there was some legal cause that prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action, (2) if there was some condition coupled with the contract or connected proceeding that prevented the creditor from suing or acting, (3) if the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action, and (4) if the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.[29]

In this case, Mr. Pete's Complaint clearly alleges the date on which—April 24, 2004—and the location at which—the Orleans Parish Criminal District Court—the incident that serves as the basis of his claim occurred.[30] Mr. Pete avers he "was present in the courtroom" on April 21, 2004, when the Defendants' allegedly violated his constitutional rights.[31] Yet, nearly twenty years elapsed between the time the incident occurred and the time Mr. Pete filed his Complaint on April 8, 2024. Because Mr. Pete knew about his alleged injuries when they occurred in 2004, well before the prescriptive period lapsed, his claims are time barred. Further, the Court finds no basis for the application of the doctrine of *contra non valentem* and Mr. Pete offers no explanation to the contrary. Accordingly, Mr. Pete's Section 1983 claims will be dismissed with prejudice because they are barred by the applicable one-year statute of limitations.

---

[28] *Pracht v. City of Shreveport*, 36,504, pp. 9-10 (La. App. 2d Cir. 2002), 830 So. 2d 546, 551.
[29] *Id.* (citations omitted).
[30] R. Doc. 3 at p. 4.
[31] *Id.*

## II. Mr. Pete's Section 1983 claims against Defendants Wainwright and Miller will be dismissed because Mr. Pete does not allege the Defendants acted under the color of law.

On August 10, 2024, *pro se* Defendant Charles Gary Wainwright filed his motion for judgment on the pleadings seeking to dismiss the matter under Rule 12(b)(6).[32] Wainwright points to the Complaint, in which Mr. Pete expressly describes Wainwright as his "*hired counsel*."[33] Wainwright argues he cannot be liable under Section 1983 as a matter of law because, in acting as Mr. Pete's defense attorney, he was not "an employee of or acting under the color of authority granted by the laws of the State of Louisiana, the government of the United States or of any political subdivision at the time of the complained of act."[34] In opposition, Mr. Pete urges the Court to deny the motion for judgment on the pleadings and reiterates his allegations against the Defendants as expressed in his Complaint.[35]

Section 1983 provides a cause of action against those who, "under color of any statute, ordinance, regulation, custom, or usage, of any State," "subject[], or cause[] to be subjected," any person "within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."[36] The Fifth Circuit has expressed the three requirements to establish liability under Section 1983 as: "(1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor."[37]

---

[32] R. Doc. 20.
[33] *Id.* at p. 4.
[34] *Id.*
[35] R. Doc. 22.
[36] 42 U.S.C. § 1983.
[37] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004).

6

In this case, Mr. Pete has failed to state a claim under Section 1983 because he does not allege either named Defendant acted under color of state law.[38] The Complaint alleges only that Defendant Wainwright was Plaintiff's "hired counsel" and does not otherwise allege that either Defendants Wainwright or Miller were state actors.[39] In his opposition to Defendant Wainwright's motion, Plaintiff argues the Defendants were "members of the Louisiana State Bar, with good standings, and officers of the court," however he does not claim that they were acting under the color of law.[40] As a result, Mr. Pete's Section 1983 claims against Defendants Wainwright and Miller will be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant Powell Miller's motion to dismiss is **GRANTED**.[41]

**IT IS FURTHER ORDERED** that Defendant Charles Gary Wainwright's motion for judgment on the pleadings is **GRANTED**.[42]

**IT IS FURTHER ORDERED** that Plaintiff Norman Pete's claims against Defendants Powell Miller and Charles Gary Wainwright are **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 28th day of August, 2024.**

                                                           *Susie Morgan*
                                              **SUSIE MORGAN**
                                  **UNITED STATES DISTRICT JUDGE**

---

[38] *See* R. Doc. 3.
[39] *Id.*
[40] R. Doc. 22.
[41] R. Doc. 16.
[42] R. Doc. 20.